UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NANCY L. WEISSEND, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Case No. CV-12-S-2593-NE |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant, Nancy Weissend, commenced this action on July 31, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician and improperly evaluated her subjective complaints of pain. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

**A.     Treating Physician**

Claimant first argues that the ALJ failed to articulate good cause for affording less weight to the opinion of her treating physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Hobert J. Sharpton, claimant's primary care physician, submitted a letter on May 20, 2009, stating that he had treated plaintiff since April 21, 2005. Claimant's diagnoses included

> significant arthritic disease of the spine, degenerative disc disease, bulging disc disease, osteoarthritis, carpal tunnel syndrome-bilateral, multiple bulging disc areas in multiple areas of the spine including cervical, thoracic, and lumbar, chronic neck pain, back pain, muscle spasms, fibromyalgia, knee pain, and bilateral hand pain, onset 7/26/06. Symptoms include inability to perform daily functions, chronic back and neck pain, fibromyalgia symptoms, bilateral hand pain with paresthesia and numbness.
>
> Diagnoses for the next 12 months, and over the past 12 months, has [sic] been poor due to her inability to work and be an active member of her family as far as being able to do things resulting in functional

3

capacity. Disability on this lady involves her ability to stand, walk and sit, which is much less than 6 hours. There has been no heavy lifting, pushing, pulling, or repetitive motion allowed; however patient is still unable to function more than about a 2-3 hour period during the day utilizing sitting, standing and walking. Patient is unable to maintain employment of past work or any other work because of her symptoms, mainly with the back and neck pain and weakness, and is unable to work an 8-hour day. She has not been able to stand or sit for even up to a 7-hour per day period. It is highly likely the patient, if employed, would miss more than 3 days of work per month due to symptoms. The multiple medications used on this patient include narcotics for pain control, Toradol injections on a routine basis, which also cause sleepiness, reduced concentration, and other side effects.[1]

Dr. Sharpton noted that MRI's had revealed six areas of herniation in claimant's lumbar spine. His conclusion was:

> It is felt at this time, with the multiple medical problems identified including the multiple disc disease in her back, that patient is unable to maintain any type of a work schedule involving even just several hours per day due to her inability to perform any type of function related to the work activity. I highly recommend disability for this patient.[2]

The ALJ assigned only little weight to Dr. Sharpton's opinion, reasoning that it "lacks clinical support and is contradicted by his own evaluations of the claimant."[3] Indeed, there is little clinical evidence from Dr. Sharpton in the record.[4] Despite the assertion that he had treated claimant since 2005, Dr. Sharpton only submitted one

---

[1] Tr. 351 (alteration supplied).

[2] Tr. 352.

[3] Tr. 23.

[4] Claimant did not point the court to *any* treatment records from Dr. Sharpton. The Commissioner pointed out the January 30, 2010 treatment record discussed above, and the court's independent review of the record did not reveal any other records.

clinical note to the Social Security Administration. That note is from January 30, 2010, when claimant was admitted to the hospital for breathing problems. Although the January 30, 2010 note does reference claimant's history of chronic back pain, disc disease, and neuropathy in the lower extremities, the treatment claimant received that day related to her breathing problems, and she does not rely upon those problems as a source of her alleged disability.[5] The court does not understand why there are not more clinical notes from Dr. Sharpton in the record, if claimant has been treated by Dr. Sharpton since 2005. Dr. Sharpton even stated in the January 30, 2010 record that claimant had last been in his office two months earlier for refills of her medications,[6] but there does not appear to be a record of such a visit. Given the dearth of clinical records from Dr. Sharpton, the court must agree with the ALJ that Dr. Sharpton's letter is unsupported by any treatment records *from Dr. Sharpton himself*.

The ALJ's decision to reject Dr. Sharpton's assessment also is supported by *other* medical evidence of record. It is true, as claimant points out, that she has undergone several MRI's that revealed disc protrusions in various levels of her spine.[7] She also has consistently reported pain to her treating physicians, and she has

---

[5] Tr. 430-31.

[6] *See* Tr. 431.

[7] *See* Tr. 220 ("Arthritic disease of the lumbar spine with marginal spurring, degenerative disc disease at L4-5 and L5-S1," small disc herniation at L5-S1 and T11-12, and facet arthrosis in lower lumbar spine on March 30, 2007), 216 ("Disc protrusion C6-7 central and paracentral left with

5

received treatment for that pain, including epidural injections and pain medication.[8] Even so, the mere existence of bulging discs, or even of pain that required medication, does not necessarily mean that claimant is disabled.  Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on her ability to perform substantial gainful work activities.  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).  There is little evidence of significant functional limitations caused by claimant's back problems and resulting pain.  Physical examination findings consistently report normal gait, full muscle strength, normal coordination, intact reflexes, and full range of motion in her thoracic and cervical spine.  There were some reports of decreased

---

mild compression of the thecal sac" but "no abutment of the spinal cord" on June 12, 2007), 261-62 ("Multilevel arthritic disease of the spine including marginal spurring, degenerative disc disease and multiple disc herniations" in the thoracic spine, and "Multilevel arthritic disease of the [cervical] spne including marginal spurring, degenerative disc disease, facet arthrosis with disc herniation present at C6-7" on August 28, 2008).

[8] *See* doc. no. 9 (claimant's brief), at 8-10 and record citations referred to therein.

range of motion in claimant's lumbar spine, but those were only occasional.[9]

Finally, the ALJ's decision to reject Dr. Sharpton's assessment is supported by other, non-medical evidence. Contrary to Dr. Sharpton's assessment that claimant could not function for more than two-to-three-hours, claimant testified that she attended cosmetology school for approximately six hours a day, four days a week.[10]

In summary, the weight of the evidence supports the ALJ's decision to reject Dr. Sharpton's assessment of disabling limitations.

**B.  Pain**

Claimant also asserts that the ALJ improperly considered her subjective complaints of pain. To demonstrate that pain or another subjective symptom renders a person disabled, a claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957

---

[9] *See* Tr. 269, 274, 287-312, 355-420, 596.
[10] Tr. 49-51.

F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ applied this standard in drafting her administrative opinion, and found that, while claimant's medically determinable impairments could reasonably be expected to cause the symptoms she alleged, claimant's statements about the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with a residual functional capacity to perform a limited range of sedentary work activity.[11]  With regard to claimant's degenerative disc disease, which is the impairment she focuses upon in her briefing, the ALJ noted that claimant had undergone "some treatment" for that impairment: a fact that "certainly weighs somewhat in [her] favor."[12]  Even so, that evidence was outweighed by the fact that claimant had never undergone any surgical procedures to treat her disc disease, and "the treatment she has received has essentially been routine and conservative in nature and has generally been successful in controlling her

---

[11] Tr. 19-20.

[12] Tr. 21 (alteration supplied).

8

symptoms."[13]  The record supports that conclusion.  Even though claimant had consistently sought treatment for her back impairments over several years, the treatments included mostly injections, medication, and physical therapy, and claimant had declined to pursue any surgical alternatives.

The ALJ also rejected claimant's claim that her pain was at a level 6 or 7, even with medication, as not credible in light of the fact that claimant attended school, made good grades, and was on the Dean's List.  Claimant argues that the ALJ's conclusion was contrary to Eleventh Circuit law, which has disavowed the notion that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from disability."  *Lewis v. Callahan,* 125 F. 3d 1436, 1441 (11th Cir. 1997).  But claimant's school attendance involved much more sustained activity than the performance of limited housework or going fishing. Claimant attended school six hours a day, four days a week.  Claimant also correctly points out that her school schedule was not as demanding as a full, forty-hour-a-week work schedule, but the ALJ did not make any such finding.  Instead, the ALJ merely stated that claimant's school attendance and performance were factors to consider in evaluating her credibility.  Those considerations were proper.  *See* 20 C.F.R. § 404.1529(c)(3)(i) (listing "daily activities" first among the factors the Social Security Administration will consider in evaluating a claimant's pain and credibility).  Finally,

---

[13] *Id.*

claimant asserts that she was only able to attend school because she was afforded special accommodations, and because she wore her TENS unit to classes. If anything, that argument actually undercuts claimant's disability claim by demonstrating that her treatment (the TENS unit) was effective in easing her symptoms, and that, with appropriate accommodations, she was able to regularly attend cosmetology classes, which presumably required a fair amount of standing and were therefore more demanding than the sedentary work the ALJ found claimant capable of performing.

In summary, the court finds that the ALJ properly considered claimant's subjective complaints of pain, and the ALJ's findings were supported by substantial evidence.

## C. Conclusion and Order

The ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 28th day of June, 2013.

_____
United States District Judge